1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RODNEY D. BRUCE,                    )   Case No. EDCV 10-2015-JVS (DTB)
                                   )
                  Petitioner,      )
                                   )   ORDER TO SHOW CAUSE
         vs.                       )
                                   )
RAUL LOPEZ, WARDEN,                )
                                   )
                  Respondent.      )
                                   )

17   On December 30, 2010, petitioner filed a Petition for Writ of Habeas Corpus
18  by a Person in State Custody ("Pet.") herein.  Petitioner also filed a Memorandum of
19  Points and Authorities in Support of the Petition ("Pet. Mem.").  The Petition purports
20  to be directed to a 2003 conviction sustained by petitioner in Riverside County
21  Superior Court. (See Pet. at ¶¶ 1-2.)  Petitioner purports to be raising three grounds
22  for relief[1]. (See Pet. at ¶ 7(a-b); Pet. Mem. at 8-18.)
23  / / /
24  / / /
25
26
27      [1]    The Court notes in petitioner's points and authorities submitted with the
    Petition, petitioner alleges three grounds for relief.  However, the Petition submitted
28  by petitioner is missing pages 6 and 7 which includes petitioner's Ground Three.

1

1  Based on its review of the Petition as well as information derived from the

2  California Appellate Courts website[2], it appears to the Court that the Petition is time

3  barred. Accordingly, on or before **February 22, 2011**, petitioner is ORDERED to

4  show cause in writing (if any he has) why the Court should not recommend that this

5  action be dismissed with prejudice on the ground of untimeliness.[3]

6

7  **THE TIME BAR ISSUE**

8  Since this action was filed after the President signed into law the Antiterrorism

9  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

10  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

11  2244(d). See Calderon v. United States District Court for the Central District of

12  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[4] 28 U.S.C. § 2244(d)

13  provides:

14  "(1)  A 1-year period of limitation shall apply to an application

15  for a writ of habeas corpus by a person in custody pursuant to the

16  judgment of a State court. The limitation period shall run from the latest

17  of--

18

19

20  [2]  http://appellatecases.courtinfo.ca.gov/index.html

21  [3]  The Ninth Circuit has held that the district court has the authority to raise
22  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
   of the petition and to summarily dismiss a petition on that ground pursuant to Rule
23  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
24  long as the court "provides the petitioner with adequate notice and an opportunity to
   respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
25  260 F.3d 1039, 1042-43 (9th Cir. 2001).

26

27  [4]  Beeler was overruled on other grounds in Calderon v. United States
28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1          (A)    the date on which the judgment became final by

2    conclusion of direct review or the expiration of the time for

3    seeking such review;

4          (B)    the date on which the impediment to filing an

5    application created by State action in violation of the Constitution

6    or laws of the United States is removed, if the applicant was

7    prevented from filing by such State action;

8          (C)    the date on which the constitutional right asserted

9    was initially recognized by the Supreme Court, if the right has

10   been newly recognized by the Supreme Court and made

11   retroactively applicable to cases on collateral review; or

12         (D)    the date on which the factual predicate of the claim

13   or claims presented could have been discovered through the

14   exercise of due diligence."

15

16        Here, according to the Petition, petitioner did not file an appeal of his

17   conviction to the Court of Appeal nor did he file a Petition for Review with the

18   California Supreme Court.

19        Pursuant to the California law in effect at the time of petitioner's conviction,

20   an appeal of his original conviction had to be filed within 60 days after the rendition

21   of the judgment.  See Cal. Rules of Court, former Rule 30.1(a) [new Rule 8.308(a)].

22   Where, as here, the judgment of conviction was entered upon a guilty plea, the

23   defendant was required to file a notice of intended appeal within the 60-day period,

24   accompanied by a statement "showing reasonable constitutional, jurisdictional, or

25   other grounds going to the legality of the proceedings"; the appeal did not become

26   operative unless and until the trial court executed and filed a certificate of probable

27   cause for appeal.  See Cal. Rules of Court, former Rule 30(b) [new Rule 8.304(b)];

28   see also Cal. Penal Code § 1237.5.  Consequently, "the date on which the judgment

1  became final by conclusion of direct review or the expiration of the time for seeking

2  such review" for purposes of calculating the commencement of the AEDPA one-year

3  statute of limitations was May 10, 2003, when petitioner's time to file an intended

4  notice of appeal expired.  There is no evidence petitioner filed any such notice of

5  appeal.

6       Thus, if measured from the date on which the judgment of conviction became

7  final,[5] petitioner's last day to file his federal habeas petition was May 9, 2004, unless

8  a basis for tolling the statute existed.  See Patterson v. Stewart, 251 F.3d 1243, 1246

9  (9th Cir. 2001).

10      Thus, unless a basis for tolling the statute existed, petitioner's last day to file

11  his federal habeas petition was May 9, 2004.

12      28 U.S.C. § 2244(d)(2) provides:

13      "The time during which a properly filed application for State post-

14      conviction or other collateral review with respect to the pertinent

15      judgment or claim is pending shall not be counted toward any period of

16      limitation under this subsection."

17

18

19      [5]     From the face of the Petition, it does not appear that petitioner has any

20  basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).
    Nor does it appear that petitioner has a basis for contending that any of his claims is

21  based on a federal constitutional right that was initially recognized by the United

22  States Supreme Court subsequent to the date his conviction became final and that has

23  been made retroactively applicable to cases on collateral review pursuant to §

24  2244(d)(1)(C).  Nor does it appear that petitioner has any basis for contending that
    he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware

25  of the factual predicate of his claims as of the date he was convicted and sentenced

26  pursuant to his guilty plea.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.
    2001) (statute of limitations begins to run when a prisoner "knows (or through

27  diligence could discover) the important facts, not when the prisoner recognizes their

28  legal significance").

4

1    In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed

2    the foregoing tolling provision with reference to California's post-conviction

3    procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the

4    time the first state habeas petition is filed until the California Supreme Court rejects

5    the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold,

6    536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for

7    purposes of statutory tolling, a California petitioner's application for collateral review

8    remains "pending" during the intervals between the time a lower state court denies

9    the application and the time the petitioner files a further petition in a higher state

10   court).  However, the statute of limitations is not tolled during the interval between

11   the date on which the judgment of conviction became final and the filing of the

12   petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

13   Here, petitioner has alleged three collateral challenges in the Petition: The

14   Riverside County Superior Court habeas petition that petitioner maintains he filed in

15   "May/June" of 2007 (Pet. at 4), which was denied on July 16, 2007 (id.); the habeas

16   petition that petitioner filed with the California Court of Appeal on December 6, 2007

17   (Pet. at 4; California Appellate Court website), and which was denied on December

18   17, 2007 (Pet. at 4; California Appellate Court webiste); and the habeas petition that

19   petitioner filed with the California Supreme Court on February 7, 2008 (Pet. at 4;

20   California Appellate Court website), and which was denied on July 9, 2008 (Pet. at

21   4; California Appellate Court website).

22   Thus, according to the Petition, petitioner's first state collateral challenge was

23   not constructively filed until "May/June" of 2007, nearly 3 years after his deadline

24   for filing a federal habeas petition had expired.  Once the limitations period lapsed,

25   it could not be reinitiated.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

26   (holding that § 2244(d) "does not permit the reinitiation of the limitations period that

27   has ended before the state petition was filed," even if the state petition was timely

28   filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264

1  F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.

2  2000).  Accordingly, it does not appear petitioner is entitled to any statutory tolling.

3      Nevertheless, in Holland v. Florida, _ U.S._, 130 S. Ct. 2549 (2010), the

4  Supreme Court held that the timely filing of a habeas petition was not jurisdictional,

5  but rather was subject to equitable tolling.  If petitioner intends to rely on the

6  equitable tolling doctrine for purposes of arguing that his federal habeas petition is

7  timely, he will need to include with his Response to this Order to Show Cause a

8  declaration under penalty of perjury stating facts showing (1) that he has been

9  pursuing his rights diligently, and (2) that some "extraordinary circumstances"

10 beyond petitioner's control stood in his way and/or made it impossible for him to file

11 the Petition on time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807,

12 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.

13 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).  The Court notes

14 that petitioner is alleging an "actual innocence" claim in the Petition.  To the extent

15 petitioner intends to rely on such a claim for purposes of seeking to equitably toll the

16 AEDPA one year statute of limitations, he is advised that the Ninth Circuit has

17 recently held that a claim of actual innocence does not "override" the AEDPA's

18 statute of limitations (see Lee v. Lampert, 610 F.3d 1125, 1136  (9th Cir. 2010)).

19

20 DATED: January 20, 2011

21

22                                                    _____

23                                                    DAVID T. BRISTOW
                                                     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28